**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ALCORN COMMUNICATIONS LLC | : |
| Plaintiff, | : |
| v. | : Civil Case No. _____ |
| PULSEPOINT, INC. | : **JURY TRIAL DEMANDED** |
| Defendant. | : |

## COMPLAINT

Plaintiff Alcorn Communications LLC ("Plaintiff"), for its Complaint against Defendant PulsePoint, Inc. ("Defendant"), hereby alleges as follows:

## PARTIES

1. Plaintiff is a Delaware limited liability company.

2. Upon information and belief, Defendant is a Delaware corporation having a principal place of business at 345 Hudson Street, 5th Floor, New York, New York 10014. Upon information and belief, Defendant may be served with process through its registered agent, Corporation Service Company, at 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

## NATURE OF THE ACTION

3. This is a civil action for the infringement of United States Patent No. 6,289,350 (the "'350 Patent") and United States Patent No. 6,363,390 (the "'390 Patent") (collectively, the "Patents-In-Suit") under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the Patent Laws of the United States, 35 U.S.C. § 271 *et seq.*

5. This Court has personal jurisdiction over Defendant because it is incorporated in Delaware and has purposely availed itself of the privileges and benefits of the laws of the State of Delaware.

6. Upon information and belief, more specifically, Defendant, directly and/or through authorized intermediaries, ships, distributes, offers for sale, sells, and/or advertises its products and services in the United States and the State of Delaware. Upon information and belief, Defendant has committed patent infringement in the State of Delaware. Defendant solicits customers in the State of Delaware. Defendant has many paying customers who are residents of the State of Delaware and who each use Defendant's products and services in the State of Delaware.

7. Venue is proper in this judicial district as to Defendant pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## THE PATENTS-IN SUIT

8. Paragraphs 1-7 are incorporated by reference as if fully set forth herein.

9. On September 11, 2001, the '350 Patent entitled "System and Method For Structured News Release Generation and Distribution" was duly and lawfully issued by the United States Patent and Trademark Office ("PTO"). The '350 Patent is attached hereto as Exhibit A.

10. On March 26, 2002, the '390 Patent entitled "System and Method For Structured News Release Generation and Distribution" was duly and lawfully issued by the United States Patent and Trademark Office ("PTO").  The '390 Patent is attached hereto as Exhibit B.

11. Plaintiff is the exclusive licensee of the Patents-In-Suit and possesses all rights of recovery under the Patents-In-Suit, including the right to sue and recover all damages for infringement thereof, including past infringement.

## COUNT I – PATENT INFRINGEMENT

12. Paragraphs 1-11 are incorporated by reference as if fully restated herein.

13. Upon information and belief and in violation of 35 U.S.C. § 271(a), Defendant has infringed and continues to infringe at least Claim 15 of the '350 Patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, a digitally encoded E Mail message, for transmission over a global communications network, carrying a news release, as described via its website http://www.pulsepoint.com.

14. More specifically, Defendant's e-mail promotional newsletters comprise a header providing network address data, formatted for the global communications network.  The header includes information about the sender, route, and recipient(s) of the email newsletter. The email newsletter includes a body having a plurality of sections, the sections including (i) a headline; (ii) a summary; (iii) key points; and (iv) a network address.  Furthermore, the network address included in the email promotional newsletters is an address for providing access to products of a promoter of the news release.  For example, the email promotional newsletter includes a plurality

of links to products of a promoter. These links include a network address where the product is advertised for sale. *See* Exhibit B.

15. Upon information and belief and in violation of 35 U.S.C. § 271(a), Defendant has infringed and continues to infringe at least Claim 54 of the '390 Patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, a digitally encoded E Mail message, for transmission over a global communications network, carrying a news release, as described via its website http://www.pulsepoint.com.

16. More specifically, Defendant's e-mail newsletters comprise a header providing network address data, formatted for the global communications network. The header includes information about the sender, route, and recipient(s) of the email newsletter. The email newsletter includes a body having a plurality of sections, the sections including (i) a headline; (ii) a summary; (iii) key points; and (iv) a network address. *See* Exhibit B.

17. To the extent such notice may be required, Defendant received actual notice of its infringement of the Patents-In-Suit at least as early as the filing of the complaint in this action, pursuant to 35 U.S.C. § 287(a).

18. Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

19. Plaintiff is entitled to recover from the Defendant the damages sustained by Plaintiff as a result of the Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

20. Defendant's infringement of Plaintiff's exclusive rights under the Patents-In-Suit will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Alcorn Communications LLC respectfully requests that this Court enter judgment against Defendant PulsePoint, Inc. as follows:

A. An adjudication that Defendant has infringed the Patents-In-Suit;

B. An award of damages to be paid by Defendant adequate to compensate Plaintiff for its past infringement and any continuing or future infringement up until the date such judgment is entered, including interest, costs and disbursements as justified under 35 U.S.C. § 284 and, if necessary, to adequately compensate Plaintiff for Defendant's infringement, and an accounting of all infringing sales including, but not limited to, those sales not presented at trial;

C. A declaration that this case is exceptional under 35 U.S.C. § 285;

D. An award to Plaintiff of its attorney fees, costs, and expenses incurred in prosecuting this action; and

E. An award to Plaintiff of such further relief at law or in equity as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial by jury on all claims and issues so triable.

Dated:  June 19, 2012                              STAMOULIS & WEINBLATT LLC

*/s/ Stamatios Stamoulis*
Stamatios Stamoulis #4606
    stamoulis@swdelaw.com
Richard C. Weinblatt #5080
    weinblatt@swdelaw.com
Two Fox Point Centre
6 Denny Road, Suite 307
Wilmington, DE 19809
Telephone:  (302) 999-1540

*Counsel for Plaintiff*
*Alcorn Communications LLC*